IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JERMAINE DUANE TAYLOR,

                Plaintiff

VS.

JIMMY BARBEE, *et al.*,

                Defendants

NO. 5:06-CV-22 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is the defendants' Motion for Summary Judgment in the above-styled case. Tab #26. The defendants' motion is supported by a brief, a Statement of Facts, and the affidavit of defendant JIMMY BARBEE. The plaintiff has submitted two responses to the defendants' motion, along with a Statement of Disputed Material Facts and an affidavit. Tabs ##32, 33, 34, and 36. The defendants have filed a reply to the plaintiff's response. Tab #35.

This case is brought pursuant to 42 U.S.C. §1983 and this motion has been referred to the undersigned, a full time United States Magistrate Judge, for consideration pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2. Plaintiff JERMAINE DUANE TAYLOR alleges (1) that defendant Barbee violated his Fourth Amendment right to be free from the use of excessive force in the course of an arrest when defendant Barbee, a lieutenant in the Macon Police Department, shot the plaintiff in the leg and (2) that the City of Macon did not properly train Barbee in the use of force.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc.***, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

**FACTS**

On January 9, 2004, a black man abducted a woman at gunpoint from her car in the parking lot of Colonial Mall in Macon. The abductor forced her to withdraw money from an ATM, and abandoned her after taking her car. Apparently the woman called the police to report her car as missing, and the police located the vehicle in the Colonial Mall parking lot. Defendant Barbee, in an unmarked car and street clothes (a suit and tie), staked out the vehicle until someone (presumably the assaulter) came back to the car.

About ten minutes after Barbee began surveillance, plaintiff Taylor – a black man – approached the car, and opened the trunk and a door.[2] Defendant Barbee exited his surveillance vehicle and walked, with his gun drawn, to within a few feet of Taylor. Taylor inquired whether Barbee was a police officer, and Barbee's response was only to give instructions for Taylor to get on the ground, threatening to shoot him in the back of the head if he ran.

Taylor turned his back to Barbee (thus possibly concealing his hands) and ran. Barbee engaged his pistol and fired a single, low shot that hit Taylor in the leg.

- 3 -

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[2] At this point, the parties' versions of the stories differ, and for the purposes of a motion for summary judgment, the court must view the evidence in the light most favorable to the plaintiff.

## DISCUSSION

### Qualified Immunity

The defendants have asserted the defense of qualified immunity.

> Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. . . [W]hen applied in excessive force cases, qualified immunity applies unless application of the standard would inevitably lead every reasonable officer in the position of the defendant officer to conclude the force was unlawful.

*Nolin v. Isbell,* 297 F.3d 1253, 1255 (11th Cir. 2000).

It is undisputed in this case that defendant Barbee was acting within his discretionary authority at the time of the shooting, so the only remaining question as to qualified immunity is whether his actions violated clearly established law.

### Fourth Amendment

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002). *Vinyard* continues:

> To balance the necessity of the use of forced used against the arrestee's constitutional rights, a court must evaluate several factors, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to resist arrest by flight. . .. The force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight. *Id.*

The most damning allegation against defendant Barbee – and in the view of the undersigned, the only allegation that puts any doubt as to whether Barbee violated the plaintiff's rights – is the claim that Barbee did not identify himself as a police officer within a reasonable time of coming into contact with the plaintiff, thereby allowing the plaintiff to think that the man pointing a gun at him might be a criminal.[3] However, there is a dearth of cases coming from the Eleventh Circuit or Supreme Court stating the duty of a police officer to identify himself before using force.[4] With such little guidance, it has not been clearly established that an officer is required to identify himself before using deadly force and qualified immunity is appropriate.

Another question that has been left unanswered by binding authority is whether a court should look to the totality of the circumstances when evaluating an excessive force case or merely to the instant at which the force was used. In the case at hand, when plaintiff/suspect Taylor turned to run from Barbee, a reasonable officer could believe that Taylor – who as far as the officer knew had *very* recently hijacked the car under surveillance at gunpoint – could be armed and dangerous to the officer and the surrounding citizens. At that point in time, therefore, the use of deadly force would be authorized by all relevant caselaw.

- 5 -

---

[3] A man who has recently stolen a car at gunpoint and used a stolen credit card should have some degree of expectation that he may be apprehended by police. Therefore, looking through the plaintiff's eyes at the time of the use of this allegedly excessive force, it is less than reasonable for the plaintiff to have assumed that a man approaching him, wearing a suit, with his gun drawn, and shouting instructions, was attempting to rob him rather than that the man was indeed a police officer attempting to apprehend him for the commission of a crime earlier that day.

[4] The case most on point appears to be ***Ortega v. Schramm***, 922 F.2d 684 (11th Cir. 1991), in which an officer's failure to identify himself as law enforcement before using a shotgun to gain entry into a filling station appears to have been a contributing factor to the finding of excessive force, but his failure to identify himself does not appear to have been enough, on its own, for his actions to have been found unreasonable.

However, if the court were to look at the totality of the circumstances, including ways in which Barbee and other officers could have handled the situation differently, there is a good likelihood that there were other avenues available through which deadly force would not have needed to be used: Barbee could have immediately and clearly identified himself as a police officer or other officers could have been within a closer proximity, thereby putting the plaintiff on better notice that Barbee was a police officer and that any attempt at escape would be futile.[5]

In any case, the law is not clear as to whether an excessive force case must be viewed within the totality of the surrounding circumstances or in the instant at which the force was used. Because that law is not settled, Barbee is protected by qualified immunity.

**CONCLUSION**

For the above reasons, the undersigned finds that qualified immunity shields defendant Barbee from suit for not having violated clearly established law. Because Barbee did not violate clearly established law, the City of Macon did not fail to properly train him on the use of force. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment (Tab #26) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 6th day of SEPTEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5]Of course, both of these possibilities are using the benefit of hindsight, which the Supreme Court has cautioned judges against doing. See **Graham v. Connor**, 490 U.S. 386 (1989).